IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KURT ZIOLKOWSKI,

    Plaintiff,

v.

AMERICAN STRATEGIC
 INSURANCE COMPANY,

    Defendant.

CASE NO.:   64-cv-00093

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

    COMES NOW, Plaintiff, KURT ZIOLKOWSKI, through undersigned counsel, hereby files this Complaint against Defendant, AMERICAN STRATEGIC INSURANCE COMPANY, and states as follows:

**PARTIES, JURISDICTION & VENUE**

    1.    This Court has jurisdiction over this action under 42 U.S.C. §§ 4001 and 42 U.S.C. § 3614(a).

    2.    Venue is proper under 28 U.S.C. § 1391(b), because the claims alleged herein arose in the Middle District of Florida.

    3.    At all times material hereto, Defendant was an insurance company whose principal place of business is in Florida, and is authorized to do business in the State of Florida. The policy issued by Defendant is back by the federal government.

    4.    At all times material hereto, Plaintiff is a resident of Ormond Beach, Florida.

## **COUNT I - BREACH OF CONTRACT**

5. Plaintiff realleges and reincorporates paragraphs 1-4 as if fully stated herein.

6. Prior to September 28, 2022, in consideration of the applicable paid premiums, Defendant issued to Plaintiff a property insurance policy bearing number FLD576026 ("Policy") providing insurance coverage for the insured property located at 28 Wildwood Trail, Ormond Beach, FL 32174 ("Property"). See a copy of the policy attached hereto as **Exhibit A**.

7. On or about September 28, 2022, the Property sustained direct physical damage as a result of Hurricane Ian ("the Loss").

8. The Policy was in full force and effect during the time of the Loss.

9. The Policy provided insurance coverage to the Property for the Loss.

10. Defendant received timely notice of the Loss.

11. Defendant assigned claim number FLD576026 to the Loss.

12. Defendant and/or its agents were given the opportunity to inspect the Property and the reported damage arising from the Loss.

13. The Policy requires Defendant restore the Property back to its pre-loss condition when the Loss is covered.

14. Defendant's final coverage determination for the Loss did not bring the property back to its pre-loss condition as required by the terms and provisions of the Policy.

15. Defendant breached the Policy when it failed to restore the Property back to its pre-loss condition.

16. Plaintiff complied with all conditions precedent to this lawsuit, entitling Plaintiff to recover benefits under the Policy, or such conditions/obligations have been waived.

## **PRAYER FOR RELIEF**

17. As a direct and proximate result of Defendant's breach, Plaintiff was forced to retain the services of undersigned counsel, and Defendant must pay reasonable attorney's fees.

18. Plaintiff demands judgment against Defendant for damages, including but not limited to damages owed under the Contract, attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 04, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on Defendant.

**The Law Offices of Robert David Malove**
Attorneys for Plaintiff
200 SE 9th Street
Fort Lauderdale, Florida 33316
Phone: (954) 861-0384
Fax:    (954) 333-6927
Email: jordan@robertmalovelaw.com
           fppleadings@robertmalovelaw.com
By:_/s/ Jordan B. Fertel, Esq..
        Jordan B. Fertel, Esq.
        Florida Bar No.: 1032519